VINCENT WHALEY WHEELER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wheeler v. Commissioner
Docket No. 29334-82.
United States Tax Court
T.C. Memo 1984-502; 1984 Tax Ct. Memo LEXIS 167; 48 T.C.M. (CCH) 1178; T.C.M. (RIA) 84502; September 20, 1984. Vincent W. Wheeler, pro se. Mark Priver, for the respondent. PANUTHOS MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) [1] and General Order No. 8 of this Court, 81 T.C. XXIII (1983). *168 Respondent determined a deficiency in petitioner's 1979 Federal income tax in the amount of $1,483 and an addition to tax pursuant to section 6653(a) in the amount of $74.00. The issues for decision are (1) whether petitioner is entitled to employee business expenses in the amount of $3,000 for travel and lodging; and (2) whether petitioner is liable for the addition to tax pursuant to section 6653(a) for negligence. Other adjustments set forth in the notice of deficiency have been settled by the parties. Some of the facts have been stipulated and are incorporated herein by this reference. At the time of filing the petition herein, petitioner resided in Los Angeles, California. Petitioner Vincent Whaley Wheeler is a college graduate and an engineer by profession. For a period from 1966 to 1971 he was a job shopper also known as a contract engineer. As such petitioner would work for an organization for period of time and complete a certain job or project. In 1971 petitioner commenced employment with the Federal Aviation Administration (FAA) as an Air Traffic Controller. In February of 1973 after it was determined that petitioner was colorblind, his duties were changed to *169 that of an electrical engineer responsible for power-generation systems located in Salt Lake City, Utah. In April of 1979 petitioner was retired by "an agency filed Disability Retirement" due to a job related injury. In the late fall of 1978 petitioner had interviewed for employment with General Dynamics Corporation. [2] On April 1, 1979, petitioner decided to accept employment with General Dynamics in San Diego, Calidornia, as a tool manufacturing engineer in the aircraft division. He commenced employment soon thereafter. In October of 1979 petitioner was transferred from the aircraft division to the missile division of General Dynamics and worked as a technical writer. In December of 1979 petitioner was transferred to the operations division for training as a numerical control engineer. On June 27, 1980, petitioner was terminated from his employment with General Dynamics. In August of 1980 petitioner obtained employment with Douglas Aircraft in Los Angeles, California, as a numerical control engineer. In 1976 petitioner purchased a motor home for which he paid approximately $8,000. The claimed expenses relate *170 to the period of time that petitioner worked for General Dynamics in the Los Angeles area and lived in his motor home. Section 162(a)(2) provides for a deduction for ordinary and necessary traveling expenses, including expenses for meals and lodging, while away from home in pursuit of a trade or business. The tests of deductibility are set forth in . The expense must be reasonable and necessary, incurred in the pursuit of a trade or business, and incurred while the taxpayer is "away from home". This Court has held that as a general rule "home" as used in section 162(a)(2) means vicinity of the taxpayer's principal place of employment. . Petitionerrelies upon an exception to the general rule. A taxpayer's personal residence may be the "tax home" if the principal place of business is "temporary". . Employment is "temporary" if it can be expected to last for only a short period of time. . Whether employment is "temporary" or *171 "indefinite" is a question of fact to be determined based upon the evidence in each case. . Petitioner has the burden of proof with respect to this question of fact. While petitioner testified that he thought that his employment at General Dynamics was temporary in nature and, in fact, defined a job shopper as a person seeking temporary employment, other evidence in the record refutes his position. Petitioner's belief that his employment with General Dynamics was temporary was founded on the theory that he hoped to return to the FAA and was in fact taking action in the hope of being reemployed there. However, there was no understanding with General Dynamics that his work would be temporary. General Dynamics did not know of his intention to return to the FAA. As late as December of 1979 when petitioner was transferred to the operations division as a numerical control engineer he was placed in a training program which lasted approximately 6 months. It would be illogical to conclude that General Dynamics would place petitioner in a 6-month training program with the intention of terminating him at the end of the *172 6 months. Even if petitioner had met the tests as set forth in , petitioner has not overcome the substantiation requirements of section 274(d). Petitioner's testimony was vague and disorganized and he presented almost no documentation to show the expenses that were incurred in the year in issue. Accordingly, respondent is sustained in full on this issue. With respect to the addition to tax for negligence under section 6653(a), petitioner has the burden of proof. . Petitioner has not satisfied his burden to show that there has not been an intentional or negligent disregard of the rules and regulations. Accordingly, respondent is sustained on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Hereinafter referred to as General Dynamics.↩